**In the Matter of Philip L. PICKERING, Debtor.**

**Bankruptcy No. B79–00713C.**

United States Bankruptcy Court, N.D. Ohio.

May 30, 1986.

Arthur W. Negin, Mansfield, Ohio, trustee.

William W. Brown, Columbus, Ohio, for debtor.

Eric S. Miller, Mansfield, Ohio, for claimants C.W. Smith and Uriah Miller.

## MEMORANDUM OF DECISION AND ORDER RE: RECONSIDERATION OF PRIOR ORDERS

JAMES H. WILLIAMS, Bankruptcy Judge.

At last, the long and largely unhappy saga of the bankruptcy case of Philip L. Pickering has come nearly to conclusion. On May 19, 1986, nearly seven years from the commencement of the case under Chapters I–VII of the Bankruptcy Act of 1898, the court conducted the final meeting of creditors, due notice of which was given, and considered thereat the trustee's supplemental final account, applications of the trustee and attorney for the trustee for compensation and reimbursement of expenses and heard motions urging the reconsideration of prior orders disallowing proofs of claim filed by C.W. Smith and Uriah Miller. Appearances were entered

only by the trustee, Arthur W. Negin, who also serves, pursuant to prior order of the court, as attorney for the trustee; William W. Brown, counsel for the bankrupt; and Eric S. Miller, counsel for claimants C.W. Smith and Uriah Miller.

Upon a review of pertinent portions of the file, including submissions by the trustee relative to his final account and compensation for his services and reimbursement of out-of-pocket expenses, the application of the attorney for the trustee for compensation, the pending motion for reconsideration and the memoranda in support of and in opposition thereto and upon the oral presentations of counsel, the court enters its memorandum of decision in regard to the matters before it.

The trustee reports a balance on hand as the net result of his efforts toward the liquidation of the bankrupt's estate of $26,-550.88. He further reports that there are no outstanding claims entitled to priority to be paid and that all timely filed and allowed unsecured claims have been paid in full. The clerk of this court has calculated the deposit to be made to the Referees' Salary & Expense Fund to be $3,867.51. The court waives any fees for complaints filed by the trustee in the prosecution of adversary proceedings. There remains, then, for distribution $22,683.37.

### A.

### COMPENSATION AND REIMBURSEMENT OF EXPENSES

Arthur W. Negin was appointed to serve as trustee of this estate on July 2, 1979 and was further authorized to serve as attorney for the trustee by order entered July 6, 1979. Applying the formula contained in Section 48 of the Bankruptcy Act for the calculation of maximum trustees' commissions on moneys disbursed or turned over by Mr. Negin in his capacity as trustee, the court arrives at an allowance of $1,620.84. Mr. Negin further seeks reimbursement for certain expenses incurred in the course

of his duties and the court finds the sum requested, $148.28, to be reasonable.

■ With respect to Mr. Negin's application for compensation in his role as attorney for the trustee, it should be emphasized that no objection has been raised by any creditor or other party in interest. Mr. Negin provides a detailed statement showing his expenditure of 149.25 hours of professional time in this capacity, for which he asserts a charge of $75.00 per hour or a total of $11,193.75. The court finds that for the period from July 2, 1979 through July 5, 1979, Mr. Negin charges six hours of time spent on behalf of the trustee in this case. As previously noted, Mr. Negin was not appointed until July 6, 1979 and such charges are therefore not compensable. Further, the court finds certain charges which appear to be either clerical in nature or within the realm of Mr. Negin's duties as trustee and not the sort of activities for which the services of an attorney are needed. For example, such charges as "Deposit of Rural Farm Distributors" and "Deposit of Richland Trust Company" and "Mailing of Summons and Notice of Trial for Turnover" hardly rise to the level of professional services. Similarly, such items as "Phone Conference with Pauline Streiber [Bankruptcy Court] re bank account balance" and Conference with Bookkeeping Department re bank balance" are clearly trustee's activities. Such matters account for another four hours for services rendered on September 18 and 19 of 1979, January 21, 1980, April 29, November 9, 10 and 16 of 1981 and November 28, 1984. Finally, the entries of June 21 and June 28 of 1985 indicate a total of five hours at least partially spent in preparing Mr. Negin's applications for allowance in his dual capacities.

The court has justification, therefore, for reducing Mr. Negin's application for attorney's fees by $1,125.00 for the 15 hours spent in the activities referred to above. However, the court also notes that Mr. Negin's itemization stops with the June 28, 1985 notation and, in fact, he has been compelled to perform other services on be-

half of the estate as is obvious by certain orders entered subsequent to the last date for which he asserts a charge. The court will therefore make a more modest reduction in its allowance of attorney's fees than might otherwise be warranted and allow Mr. Negin the sum of $10,500.00 for his services in that capacity.

### B.

### DELAYED CLAIMS

 Uriah Miller and C.W. Smith filed claims number 7 and 8 respectively, on October 13, 1983, more than three years and nine months subsequent to January 2, 1980, the last date for filing claims as fixed by the court at the outset of these proceedings. Mr. Miller seeks $18,471.08 and Mr. Smith $5,562.49.

Section 57(n) of the Bankruptcy Act provides:

When in any case all claims which have been duly allowed have been paid in full, claims not filed within the time herein above prescribed may nevertheless be filed within such time as the court may fix or for cause shown extend and, if duly proved, shall be allowed against any surplus remaining in such case.

Rule 302 of the Bankruptcy Rules of Procedure, in effect at the outset of this case, states:

If all claims allowed have been paid in full, the court may grant a reasonable, fixed extension of time for the filing of claims not filed within the time hereinabove prescribed against any remaining surplus.

It is to be noted that both the statute and the rule are cast in permissive and not mandatory terms and it is further to be observed that the court has not entered any order in this cause granting the right to non-responding creditors generally to file claims to be paid from the surplus which has resulted. The court has elected not to do so and believes that it is justified by the equities present in this situation in failing to so act. Throughout the long history of this case, no one has demurred

to bankrupt's counsel's oft-repeated assertion that Mr. Pickering was in no way responsible for the financial misfortunes which befell him and, without reciting the underlying history of his difficulties, the court is satisfied that an entirely appropriate and equitable result will be obtained if the surplus of funds available, after full payment of all timely filed proofs of claim and the costs of administration, is refunded to Mr. Pickering.

The motions of C.W. Smith and Uriah Miller for reconsideration of prior orders disallowing their proofs of claim are DENIED.

An order of distribution in accordance with this memorandum will be prepared and entered ten (10) days after the date of entry hereof.

IT IS SO ORDERED.